UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00573-BAM (PC)<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS, FINDING SERVICE OF COMPLAINT APPROPRIATE, AND DIRECTING PLAINTIFF TO COMPLETE SERVICE WITHIN NINETY (90) DAYS<br><br>(ECF Nos. 1, 19)<br><br>**NINETY (90) DAY DEADLINE** |

**Order Directing Plaintiff to Initiate and Complete Service of Process**

　　Plaintiff Jose Lopez Hernandez is a former federal prisoner proceeding pro se in this action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff initiated this action on March 30, 2015, in the United States District Court for the Southern District of Indiana. The action was transferred to this Court on April 15, 2015. (ECF No. 7.) Plaintiff subsequently consented to magistrate judge jurisdiction. (ECF No. 14.)

　　On July 18, 2016, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendants H.A. Rios, Jr., Saragosh, and Estrada for the failure to protect him from the initiation of a June 7, 2011 beating by members of the Mexican Mafia,

1

in violation of the Eighth Amendment, but did not state any other cognizable claims. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff was ordered to either file an amended complaint or notify the Court that he did not wish to file any amended complaint and was willing to proceed on the cognizable claims. (ECF No. 18.) On August 15, 2016, Plaintiff notified the Court that he did not intend to file an amended complaint and wished to proceed only with the cognizable claims identified above. (ECF No. 19.)

Plaintiff is not proceeding in forma pauperis, and is therefore responsible for serving Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof thereof with the Court within ninety (90) days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendants.

## Instructions on Completing Service of Process

### I. Waiver of Service

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that they waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff wishes to use this option, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request to Waive Service for Summons," (2) two copies of the form entitled "Waiver of Service of Summons," (3) a copy of the complaint; (4) a copy of this order; and (5) a stamped, self-addressed envelope for returning one copy of the signed waiver form to Plaintiff. The documents must be addressed directly to each Defendant (*not the Attorney General's Office or any other governmental entity*), and the documents must be sent by first-class mail or other reliable means. Id. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each Defendant at least thirty (30) days to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff does not need to do anything further to serve Defendants. Fed. R. Civ. P. 4(d)(4).

///

///

**II.     Personal Service**

If either (1) Plaintiff does not wish to request Defendants to waive service or (2) one or more of the Defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants. In either situation, the summons, a copy of the complaint, and a copy of this order must be personally served on each Defendant (*not the Attorney General's Office or any other governmental entity*). *Plaintiff may not effect personal service himself*. Fed. R. Civ. P. 4(c)(2). *Service may be effected by any person who is not a party to this action and who is at least eighteen years old*. Id. The Court will provide Plaintiff with a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e), which addresses how personal service is effected. After personal service is effected on Defendants, Plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l).

Accordingly, it is HEREBY ORDERED as follows:

1.     This action shall proceed on Plaintiff's complaint, filed on March 30, 2015, against Defendants H.A. Rios, Jr., Saragosh, and Estrada for the failure to protect him from the initiation of a June 7, 2011 beating by members of the Mexican Mafia, in violation of the Eighth Amendment;

2.     All other claims, and the Federal Bureau of Prisons, are dismissed based on Plaintiff's failure to state any claims upon which relief may be granted;

3.     The Clerk of the Court is directed to issue and send Plaintiff three (3) summonses, and one copy of each of the following documents:

    a)     Complaint filed March 30, 2015 (ECF No. 1);

    b)     "Notice of Lawsuit and Request to Waive Service for Summons" form;

    c)     "Waiver of Service" form; and

    d)     Rule 4 of the Federal Rules of Civil Procedure;

4.     Plaintiff shall complete service of process on Defendants H.A. Rios, Jr., Saragosh, and Estrada within **ninety (90) days** from the date of service of this order; and

///

///

///

3

5. **Unless good cause is shown, Plaintiff's failure to timely complete service of the process on Defendants and to file proof thereof with the Court will result in dismissal of this action. Fed. R. Civ. P. 4(m)**.

IT IS SO ORDERED.

Dated:   **August 17, 2016**                    /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE