UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00573-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 21) |

    Plaintiff Jose Lopez Hernandez is a former federal prisoner proceeding pro se in this action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). This action currently proceeds on Plaintiff's claims against Defendants H.A. Rios, Jr., Saragosh, and Estrada for the failure to protect him from the initiation of a June 7, 2011 beating by members of the Mexican Mafia, in violation of the Eighth Amendment. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 14.)

    Currently before the Court is Plaintiff's motion for the appointment of counsel, filed September 12, 2016. (ECF No. 21.) Plaintiff states that he was harmed by the inmates as he claims, that he requires counsel to help him obtain discovery and regain legal documents, that his case is complex, and that he is indigent and unable to afford to acquire legal counsel.

    Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

1

Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases alleging the failure to protect from an attack by inmates almost daily. Further, at this early stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. <u>Id</u>. Plaintiff's arguments, pleadings, and motions are comprehensible. Thus, the Court does not find this to be a serious and exceptional case necessitating the appointment of counsel at this time.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 21) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 15, 2016**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE