# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00573-BAM (PC)<br><br>ORDER DIRECTING CLERK TO ISSUE COMPLETED SUMMONSES TO PLAINTIFF AND DIRECTING PLAINTIFF TO COMPLETE RE-SERVICE WITHIN NINETY (90) DAYS<br><br>**NINETY (90) DAY DEADLINE** |

Plaintiff Jose Lopez Hernandez ("Plaintiff") is a former federal prisoner proceeding pro se in this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff initiated this action on March 30, 2015, and the matter was transferred to this Court on April 15, 2015. (ECF Nos. 1, 7.)

On July 18, 2016, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, and found that it stated cognizable claims against defendants H.A. Rios, Jr., Saragosh, and Estrada ("Defendants") for the failure to protect him in violation of the Eighth Amendment, but did not state any other cognizable claims. Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court ordered Plaintiff to file an amended complaint or notify the Court that he would proceed only on his cognizable claims. (ECF No. 18.) On August 15, 2016, Plaintiff notified the Court that he would proceed only on his cognizable claims. (ECF No. 19.)

On August 18, 2016, the Court issued an order dismissing certain claims and defendants, finding service of the complaint appropriate, and directing Plaintiff to complete service within ninety (90) days from the date of service of that order. Plaintiff was not, and still is not, proceeding in forma pauperis, and was therefore responsible for serving Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Court's August 18, 2016 order included instructions for Plaintiff to complete service of process. It also directed the Clerk of the Court to issue and send Plaintiff summonses and other necessary documents to complete service. (ECF No. 20.)

On October 24, 2016, a notice of submission of summons as to each defendant was filed with the Court. (ECF No. 24.) Plaintiff sent the Court copies of the documents he served on the Defendants, including copies of the summons.[1] Upon review of these documents, the Court discovered that Plaintiff had been mistakenly sent blank summonses. Accordingly, the Clerk of the Court will be directed to mail Plaintiff issued summonses to allow Plaintiff to re-serve the Defendants. Plaintiff will be given an additional ninety (90) days to complete re-service with the newly issued summonses. For Plaintiff's convenience, the instructions for completing service of process from the August 18, 2016 order are reproduced below.

## Instructions on Completing Service of Process

### I.   Waiver of Service

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that they waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff wishes to do this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request to Waive Service for Summons," (2) two copies of the form entitled "Waiver of Service of Summons," (3) a copy of the complaint; (4) a copy of this order; and (5) a stamped, self-addressed envelope for returning one copy of the signed waiver form to Plaintiff. The documents must be addressed directly to each Defendant (*not the Attorney General's Office or any other governmental entity*), and the documents must be sent by first-class mail or other reliable means.

---

[1] However, as of the date of this order, Plaintiff has not filed the waivers of service that he served on the Defendants.

*Id*. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each Defendant at least thirty (30) days to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff does not need to do anything further to serve Defendants. Fed. R. Civ. P. 4(d)(4).

## II. <u>Personal Service</u>

If either (1) Plaintiff does not wish to request Defendants to waive service or (2) any of the Defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants. In either situation, the summons, a copy of the complaint, and a copy of this order must be personally served on each Defendant (*not the Attorney General's Office or any other governmental entity*). *Plaintiff may not effect personal service himself*. Fed. R. Civ. P. 4(c)(2). *Service may be effected by any person who is not a party to this action and who is at least eighteen years old*. *Id*. The Court will provide Plaintiff with a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e), which addresses how personal service is effected. After personal service is effected on Defendants, Plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l).

Therefore, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is directed to issue and send Plaintiff three (3) completed summonses, and one (1) copy of each of the following documents:
    a. Complaint filed March 20, 2015 (ECF No. 1);
    b. "Notice of Lawsuit and Request to Waive Service for Summons" form;
    c. "Waiver of Service" form; and
    d. Rule 4 of the Federal Rules of Civil Procedure;
2. Plaintiff shall complete service of process on Defendants H.A. Rios, Jr., Saragosh, and Estrada within **ninety (90) days** from the date of service of this order; and

//

//

//

3. **Unless good cause is shown, Plaintiff's failure to timely complete service of process on the Defendants and to file proof of service with the Court will result in dismissal of this action. Fed. R. Civ. P. 4(m).**

IT IS SO ORDERED.

Dated: **December 19, 2016**          /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE