# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>Defendants. | Case No. 1:15-cv-00573-BAM (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT PROOF OF SERVICE OR SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>(ECF No. 25)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jose Lopez Hernandez ("Plaintiff") is a former federal prisoner proceeding pro se in this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This action proceeds against Defendants H. A. Rios, Jr.; Saragosh; and Estrada ("Defendants") for the failure to protect Plaintiff in violation of the Eighth Amendment. (ECF Nos. 18, 19.)

The Court issued an order on August 18, 2016, finding service of the complaint appropriate, and directing Plaintiff to complete service of process on Defendants Rios, Saragosh, and Estrada within ninety (90) days from the date of service of that order. (ECF No. 20.) On October 24, 2016, Plaintiff filed with the Court a notice of submission of summons as to each Defendant. (ECF No. 24.) However, upon review of those documents, the Court discovered that Plaintiff had been mistakenly sent blank summonses. Accordingly, on December 19, 2016, the

1

Court ordered the Clerk of the Court to mail Plaintiff issued summonses and gave Plaintiff ninety (90) days to complete re-service with the newly issued summonses. The Court warned Plaintiff that his failure to timely complete service of process on the Defendants and to file proof of service with the Court would result in dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 25.)

Rule 4(m) sets out the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court has allowed Plaintiff the ninety (90) days required by Rule 4(m), as well as an additional ninety (90) days, to serve Defendants. As of the date of this order, Plaintiff has not filed with the Court proofs of service or signed waivers of service for any Defendant, and there is no indication that Plaintiff has completed service of process on Defendants Rios, Saragosh, and Estrada.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 4(m);
2. Plaintiff may comply with this order by filing proofs of service or signed waivers of service demonstrating that he has completed or effectuated service of process on Defendants, and;
3. **<u>Plaintiff's failure to comply with this order will result in dismissal of this action.</u>**

IT IS SO ORDERED.

Dated: **May 1, 2017**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE