# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00573-BAM (PC)<br><br>ORDER DISMISSING DEFENDANTS RIOS AND ESTRADA FOR FAILURE TO COMPLETE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, AND DIRECTING PLAINTIFF TO COMPLETE SERVICE OF PROCESS WITHIN SIXTY DAYS<br><br>(ECF No. 32)<br><br>**SIXTY (60) DAY DEADLINE** |

Plaintiff Jose Lopez Hernandez ("Plaintiff") is a former federal prisoner proceeding pro se in this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This action proceeds against Defendants H. A. Rios, Jr.; Saragosh; and Estrada ("Defendants") for the failure to protect Plaintiff in violation of the Eighth Amendment. (ECF Nos. 18, 19.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 14.)

**I.　Background**

On August 18, 2016, the Court issued an order finding service of the complaint appropriate, and directing Plaintiff to complete service of process on Defendants Rios, Saragosh,

1

and Estrada within ninety (90) days from the date of service of that order. (ECF No. 20.) On October 24, 2016, Plaintiff filed with the Court a notice of submission of summons as to each Defendant. (ECF No. 24.) However, upon review of those documents, the Court discovered that Plaintiff had been mistakenly sent blank summonses. Accordingly, on December 19, 2016, the Court ordered the Clerk of the Court to mail Plaintiff issued summonses and gave Plaintiff ninety (90) days to complete re-service with the newly issued summonses. (ECF No. 25.)

Plaintiff failed to timely file with the Court proofs of service or signed waivers of service for any defendant. On May 1, 2017, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 29.) On May 26, 2017, Plaintiff timely filed a response to the Court's order to show cause, stating that his process server had delivered service documents to each defendant by mail, and Defendants had failed to return the Waiver of Service of Summons forms to him. (ECF No. 30.)

The Court discharged the show cause order and directed Plaintiff to complete service of process on Defendants within sixty (60) days from the date of service of that order. (ECF No. 31.) Plaintiff again failed to file proofs of service or signed waivers of service for any defendant, and did not otherwise communicate with the Court. On August 23, 2017, the Court issued a new order to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 32.)

On September 5, 2017, Plaintiff timely filed a response, stating that he received a letter from Troy Dorrett, Senior Attorney at the Federal Bureau of Prisons. (ECF No. 33.) The letter indicates that Mr. Dorrett received the requests for waiver of service addressed to Defendants Rios, Estrada, and Saragosh that were sent to USP Atwater. Mr. Dorrett further states that Defendants Rios and Estrada are no longer employed at USP Atwater and cannot receive mail or service of process at USP Atwater. Further, he believes that Plaintiff intended to name a Lieutenant Zaragoza in his complaint, as there has never been an individual named Saragosh employed at USP Atwater. Mr. Dorrett requested that Plaintiff mail a new waiver of service for Lt. Zaragoza, including a self-addressed, stamped envelope. Mr. Dorrett further informed

Plaintiff that Lt. Zaragoza cannot waive the requirement that Plaintiff also serve the United States Attorney General, pursuant to Federal Rule of Civil Procedure 4(i). Plaintiff states that the process server sent a new waiver of service to Lt. Zaragoza with 3 self-addressed stamped envelopes on July 21, 2017, and attached a proof of the delivered waiver of service to Lt. Zaragoza. (Id.)

**II.     Defendants Rios and Estrada**

Based on Plaintiff's response to the Court's order, it appears that Plaintiff has exhausted all possible avenues for effecting service of process on Defendants Rios and Estrada. Defendants Rios and Estrada are no longer employed at USP Atwater, and Plaintiff has not indicated that he has obtained any additional information, or that he has made any additional efforts, that would enable him to effect service. Pursuant to Rule 4(m), the Court provided Plaintiff with multiple opportunities over more than a year to effectuate service of process on these defendants. Plaintiff has failed to show cause why Defendants Rios and Estrada should not be dismissed from this action. Accordingly they are dismissed for failure to effect service of the summons and complaint as required by Federal Rule of Civil Procedure 4(m).

**III.    Defendant Saragosh a.k.a Zaragoza**

With respect to Defendant Saragosh, Plaintiff's response demonstrates that he continues to make efforts to effectuate service of process. Accordingly the Court finds it appropriate to discharge the show cause order. Plaintiff is reminded that if Defendant Saragosh has not yet returned the Waiver of Service of Summons form to him, he must have personal service effected on Defendant Saragosh. Pursuant to Federal Rule of Civil Procedure 4(c)(2), Plaintiff may not effect personal service himself. Service may be effected by any person who is not a party to this action and who is at least eighteen years old. Id. Plaintiff should review Rule 4(e), which addresses how personal service is effected. After personal service is effected, Plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l).

**IV.    Service on the United States Pursuant to Federal Rule of Civil Procedure 4(i)**

Federal Rule of Civil Procedure 4(i)(3) provides: "To serve a United States officer or employee sued in an individual capacity . . . a party must serve the United States and also serve

3

the officer or employee[.]" In order to serve the United States, Plaintiff must: (A)(i) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk"; or (ii) "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R.Civ. P. 4(i)(1)(A). In addition, Plaintiff must "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B).

Plaintiff has failed to serve either the United States Attorney for the Eastern District of California, or the United States Attorney General. However, in light of Plaintiff's pro se status and the Court's prior failure to notify Plaintiff of the requirements of Rule 4(i), the Court finds it appropriate to allow Plaintiff "a reasonable time to cure" his failure to serve the United States. Fed. R. Civ. P. 4(i)(4).

**V.     Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants Rios and Estrada are DISMISSED, without prejudice, due to Plaintiff's failure to effect service of the summons and complaint as required by Federal Rule of Civil Procedure 4(m);

2. The Court's August 23, 2017 order to show cause (ECF No. 32) is HEREBY DISCHARGED;

3. The Clerk of the Court shall send Plaintiff a copy of Rule 4 of the Federal Rules of Civil Procedure;

4. Plaintiff shall complete service of process on Defendant Saragosh a.k.a Zaragoza and file a proof of service with the Court within **sixty (60) days** from the date of service of this order;

5. Plaintiff shall complete service of process on the United States, pursuant to Federal Rule of Civil Procedure 4(i), and file a proof of service with the Court within **sixty (60) days** from the date of service of this order; and

4

**6. Unless good cause is shown, Plaintiff's failure to timely complete service of process on Defendant Saragosh a.k.a Zaragoza and the United States and to file proofs of service with the Court will result in dismissal of this action. Fed. R. Civ. P. 4(m).**

IT IS SO ORDERED.

Dated: **October 5, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE