# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00573-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF No. 36)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT ZARAGOZA FOR FAILURE TO COMPLETE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jose Lopez Hernandez ("Plaintiff") is a former federal prisoner proceeding pro se in this civil rights action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). This action proceeds against Defendant Zaragoza (erroneously sued as Saragosh) for the failure to protect Plaintiff in violation of the Eighth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.　Background**

On August 18, 2016, the Court issued an order finding service of the complaint appropriate, and directing Plaintiff to complete service of process on Defendants Rios, Zaragoza, and Estrada within ninety (90) days from the date of service of that order.[1] (ECF No. 20.) On

---
[1] Defendants Rios and Estrada were dismissed from this action on October 5, 2017. (ECF No. 34.)

1

October 24, 2016, Plaintiff filed a notice of submission of summons as to each Defendant. (ECF No. 24.) Upon review of those documents, the Court discovered that Plaintiff had been mistakenly sent blank summonses. Accordingly, on December 19, 2016, the Court ordered the Clerk of the Court to mail Plaintiff issued summonses and gave Plaintiff ninety (90) days to complete re-service with the newly issued summonses. (ECF No. 25.)

Plaintiff failed to file with the Court proofs of service or signed waivers of service for any defendant. On May 1, 2017, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 29.) On May 26, 2017, Plaintiff filed a response to the Court's order to show cause, stating that his process server had delivered service documents to each defendant by mail, and Defendants had failed to return the Waiver of Service of Summons forms to him. (ECF No. 30.)

The Court discharged the show cause order and directed Plaintiff to complete service of process on Defendants within sixty (60) days from the date of service of that order. (ECF No. 31.) Plaintiff again failed to file proofs of service or signed waivers of service for any defendant, and did not otherwise communicate with the Court. On August 23, 2017, the Court issued a new order to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 32.)

On September 5, 2017, Plaintiff filed a response, stating that he received a letter from Troy Dorrett, Senior Attorney at the Federal Bureau of Prisons. (ECF No. 33.) In the letter, Mr. Dorrett stated that he believed Plaintiff intended to name a Lieutenant Zaragoza in his complaint, as there has never been an individual named Saragosh employed at USP Atwater. Mr. Dorrett requested that Plaintiff mail a new waiver of service for Lt. Zaragoza, including a self-addressed, stamped envelope. Mr. Dorrett further informed Plaintiff that Lt. Zaragoza cannot waive the requirement that Plaintiff also serve the United States Attorney General, pursuant to Federal Rule of Civil Procedure 4(i). Plaintiff stated in his response to the Court that the process server sent a new waiver of service to Lt. Zaragoza with 3 self-addressed stamped envelopes on July 21, 2017, and attached a proof of the delivered waiver of service to Lt. Zaragoza. (Id.)

///

Finding that Plaintiff's response demonstrated his continued efforts to effectuate service of process, the Court discharged the show cause order and granted Plaintiff sixty (60) days to complete service of process on Defendant Zaragoza and the United States. The Court further advised Plaintiff as to proper service on the United States, pursuant to Rule 4(i). (ECF No. 34.)

On August 12, 2017, Plaintiff mailed a waiver of service of summons to Defendant Zaragoza. Defendant Zaragoza signed the waiver on September 7, 2017, and Plaintiff returned the executed waiver of service on November 15, 2017. (ECF No. 35.) With the executed waiver of service, Plaintiff submitted returns of service indicating that on November 3, 2017, copies of the summons and complaint were sent by certified mail to the United States Attorney's Office in Fresno, California, and to the United States Attorney General in Washington, D.C. (Id.) After Defendant Zaragoza failed to file an answer to the complaint, the Court issued an order to show cause why default should not be entered against him. (ECF No. 36.)

On January 17, 2018, Defendant Zaragoza filed a response by special appearance. (ECF No. 37.) Defendant Zaragoza stated that no answer was filed because Plaintiff failed to properly complete service on the United States. The attached declaration of counsel states that on November 27, 2017, she sent a letter by certified mail to Plaintiff informing him that service was not completed on the United States. Counsel further informed Plaintiff that he had mailed a waiver of service but did not include a copy of the summons, and she included a copy of Rule 4(i)(1). Plaintiff did not respond to the letter. Defense counsel states that as of January 11, 2018, there is no record of the United States Attorney General being served, and as of January 16, 2018, the United States Attorney's Office also has not been served. (Id.)

**II.    Discussion**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

3

Plaintiff was informed multiple times of the requirements of Rule 4, and provided with multiple opportunities and extensions of time to complete service of process on Defendant Zaragoza. Nevertheless, more than a year since the Court issued its order directing Plaintiff to complete service of process, he still has not complied with that order. In light of the foregoing, the undersigned recommends that Defendant Zaragoza be dismissed without prejudice based on Plaintiff's failure to serve process.

### III. Conclusion and Recommendation

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court to randomly assign a district judge to this action; and
2. The Court's January 10, 2018 order to show cause, (ECF No. 36), is HEREBY DISCHARGED.

Further, the Court HEREBY RECOMMENDS that Defendant Zaragoza be dismissed from this action, without prejudice, for failure to serve process under Rule 4(m).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 22, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE